United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re SILICON IMAGE, INC. SECURITIES LITIGATION
_____________________________________/

No. C-05-456 MMC

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DISMISSING SECOND CONSOLIDATED AMENDED COMPLAINT WITH LEAVE TO AMEND; VACATING HEARING**

Before the Court is the motion, filed February 9, 2006 by defendants Silicon Image, Inc. ("Silicon Image"), Steve Tirado ("Tirado"), and David Lee ("Lee"), to dismiss plaintiffs' Second Consolidated Amended Complaint ("SCAC"), pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure. Plaintiffs William S. Hayman and John Herlihy have filed opposition, to which defendants have replied. Having considered the papers filed in support of and in opposition to the motion, the Court VACATES the hearing scheduled for June 9, 2006, and rules as follows.

**BACKGROUND**

In the SCAC, plaintiffs allege, inter alia, that Silicon Image "manufactures and sells multi-gigabit semiconductor solutions for the secure transmission, storage and display of rich digital media," (see SCAC ¶ 30); that Tirado has served as a Director of Silicon Image,

as well as its President and Chief Executive Office, since January 24, 2005,[1] (see SCAC ¶ 21); and that Lee, the founder of Silicon Image, is currently Chairman Emeritus of Silicon Image and Chairman of PanelLink Cinema, LLC, a wholly-owned subsidiary of Silicon Image, (see SCAC ¶ 22). According to plaintiffs, between June 25, 2004 and October 13, 2005 ("the Class Period"), defendants violated federal securities laws by making "fraudulent and material statements, misrepresentations and omissions" concerning Silicon Image. (See SCAC ¶¶ 1, 13.) Plaintiffs, who allege they purchased Silicon Image common stock at "artificially inflated prices" during the Class Period, (see SCAC ¶ 18), assert they incurred losses "caused by the disclosures of the true facts and the resulting drop in the price of Silicon Image common stock at various times throughout the Class Period," (see SCAC ¶ 13).

**DISCUSSION**

Defendants argue that plaintiffs' claims, or certain portions thereof, are subject to dismissal on several grounds.

**A. Specification Requirements**

Defendants argue that plaintiffs' claims are subject to dismissal on the ground plaintiffs have failed to comply with the specification requirements of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4.

The PSLRA requires a plaintiff to "specify each statement alleged to have been misleading [and] the reason or reasons why the statement is misleading." See 15 U.S.C. § 78u-4(b)(1). The PSLRA further requires, to the extent an allegation is based on information and belief, that the plaintiff allege "with particularity all facts on which that belief is formed." See id. The plaintiff must also disclose the sources for the complaint's factual allegations. See In re Silicon Graphics, Inc. Sec. Litig., 970 F. Supp. 746, 763-64 (N.D. Cal. 1997) (holding plaintiff must allege "confidential informants, employees, competitors, government employees, members of the media, and others who have provided information

---

[1] According to plaintiffs, Tirado previously had held a variety of other positions with Silicon Image. (See SCAC ¶ 21.)

leading to the filing of the case"), aff'd, 183 F. 3d 970 (9th Cir. 1999). Lastly, with respect to the element of scienter, a plaintiff "must plead, in great detail, facts that constitute strong circumstantial evidence of deliberately reckless or conscious misconduct." See DSAM Global Value Fund v. Altris Software, Inc., 288 F. 3d 385, 388-89 (9th Cir. 2002) (internal quotation and citation omitted).

Here, the SCAC includes a 104-paragraph section titled "Materially False and Misleading Statements Issued During the Class Period." (See SCAC ¶¶ 50-153.) As noted, a plaintiff must "specify each statement alleged to have been misleading [and] the reason or reasons why the statement is misleading." See 15 U.S.C. § 78u-4(b)(1). In large part, plaintiffs have identified the statements they assert to be false or misleading and set forth their reason(s) for such assertion. (See, e.g., SCAC ¶ 56 (alleging statement that Silicon Image was "in the process of implementing a series of internal measures designed to enhance [Silicon Image's] overall internal control environment," made by defendants in Form 10-Q filed August 9, 2004, was false), ¶ 59 (alleging statement identified in ¶ 56 is "materially false and misleading for the reasons set forth in paragraphs 54 and 55").) With respect to two statements, however, plaintiffs have failed to comply with this basic requirement: (1) plaintiffs allege a "follow up conference call" was "false and misleading" for the reasons set forth in ¶ 129, but fail to identify any statement made during the conference call, the date of the conference call, or the identity of the speaker, (see SCAC ¶ 129); and (2) plaintiffs allege "the conference call following the earnings release" was "false and misleading" for the reasons set forth in ¶ 134, but fail to identify any statement made during the conference call, the date of the conference call, or the identity of the speaker, (see SCAC ¶ 129). Accordingly, plaintiffs' claims based on statements made at the two above-referenced conference calls are subject to dismissal for lack of any specification whatsoever.

With respect to the reasons plaintiffs provide to support their allegations of falsity, even a cursory review of the SCAC reveals plaintiffs have largely failed to identify any

source for their allegations on "information and belief."[2] For example, plaintiffs allege the reasons for the resignation of Silicon Image's former Chief Executive Office Steven Laub ("Laub"), (see SCAC ¶ 66), and the reasons for the resignation of Silicon Images's auditor "PwC," (see SCAC ¶ 100), but fail to identify the source(s) who provided plaintiffs with such information. As another example, plaintiffs allege Silicon Image "did not maintain effective controls over the valuation and determination of its deferred tax assets and income tax provision," (see SCAC ¶ 111), but fail to identify a source for such information.

The SCAC does include a passing reference to two former Silicon Image employees identified as, respectively, "CS1," (see SCAC ¶ 59), and "CS2," (see SCAC ¶ 67), and refers to a few facts each such individual provided to plaintiffs.[3] Other than describing them as "former employees," however, plaintiffs provide no facts as to either such individual. (See SCAC ¶¶ 59, 67.) Even assuming, arguendo, the facts provided by CS1 and CS2 can be linked to plaintiffs' assertions of falsity with respect to one or more statements at issue,[4] the paucity of information provided by plaintiffs as to the identity of the two former employees is insufficient to support a finding that such former employees would possess the information alleged. See In re Daou Systems, Inc. Securities Litigation, 411 F. 3d 1006, 1015 (9th Cir. 2005) (holding confidential sources must "be described with sufficient particularity to support the probability that a person in the position occupied by the source would possess the information alleged"). Accordingly, plaintiffs' claims, in their entirety, are

---

[2]In their introductory paragraph, plaintiffs state some allegations are based on plaintiffs' "personal knowledge as to themselves and their own acts," while others are made on "information and belief." (See SCAC, introductory ¶.) Plaintiffs fail, however, to identify any fact as to which they have personal knowledge, suggesting the reference to personal knowledge pertains only to their own securities transactions. Consequently, the Court considers all allegations pertaining to defendants' liability to be on information and belief.

[3]Specifically, plaintiffs allege CS1 provided certain information regarding Silicon Image's former Chief Financial Officer Robert G. Gargus, (see SCAC ¶ 59), and CS2 provided certain information concerning Laub, (see SCAC ¶ 68).

[4]Plaintiffs fail to identify which statements they assert are false and misleading based on the information provided by CS1 and/or CS2, thus requiring the Court and defendants essentially to guess at the connection suggested by plaintiff. A complaint pleaded in conformity with the PSLRA would not require such guesswork.

subject to dismissal for failure to specify the sources for plaintiffs' falsity allegations, either because no source is provided at all or the source provided is not described with the requisite particularity.

With respect to the element of scienter, plaintiffs likewise fail to specify the requisite sources. As one example, plaintiffs allege that when defendants stated Silicon Images had hired Laub as Chief Executive Officer and President and that Laub would "be responsible for driving the company's business strategy, execution and overall company performance," (see SCAC ¶ 60), such statement was knowingly false because defendants in fact "planned to substantially limit Laub's role and responsibility as the Chief Executive Officer," (see SCAC ¶ 62). Plaintiffs, however, cite no source for their allegation that defendants were, at the time such statement was made, "planning" something contrary to what they publicly stated. Accordingly, plaintiffs' claims are subject to dismissal for this reason as well.[5]

**B. Damages: Causation**

As to certain statements, defendants argue that plaintiffs fail to adequately plead the element of loss causation.

A plaintiff must allege "a causal connection between the material misrepresentation and the loss." See Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 342 (2005). Although such "loss causation," see Daou, 411 F. 3d at 1025, need not be pleaded with specificity, a plaintiff must allege sufficient facts to "provide a defendant with some indication of the loss and the causal connection that the plaintiff has in mind." See Dura, 544 U.S. at 347. For example, a plaintiff adequately pleads causation by alleging the disclosure of the true facts resulted in a decline in the stock price. See Daou, 411 F. 3d at 1026.

As noted, plaintiffs allege they incurred losses "caused by the disclosures of the true facts and the resulting drop in the price of Silicon Image common stock at various times throughout the Class Period." (See SCAC ¶ 13.) Defendants contend causation is

---

[5]In light of these findings, the Court does not address defendants' argument that certain of the alleged statements fail, as a substantive matter, to support a claim.

inadequately pleaded because plaintiffs allege the date on which only some of those disclosures were made. Defendants cite no authority requiring such particularly in pleading causation, however.[6] Rather, the above-quoted allegation is sufficient to inform defendants of the type of loss plaintiffs state they incurred, specifically, a decrease in the value of the stock, and the "causal connection that the plaintiff has in mind," see Dura, 544 U.S. at 347, specifically, that such losses occurred because the true facts associated with each assertedly false or misleading statement were publicly disclosed.

Accordingly, the SCAC is not subject to dismissal for failure to adequately allege causation.

**C. Leave to Amend**

Plaintiffs request leave to amend if the motion to dismiss is granted. Because, at this stage of the proceedings, the Court cannot say "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," see Conley v. Gibson, 355 U.S. 41, 45-46 (1957), the Court will afford plaintiffs the opportunity to cure the deficiencies noted above.[7]

In any Third Consolidated Amended Complaint, plaintiffs must (1) clearly identify all statements alleged to be false and/or misleading and (2) allege with specificity, as to each such statement: (a) facts to indicate the statement was false or misleading when made, (b) facts to indicate defendants made the false or misleading statement with the requisite scienter, and (c) all sources upon which plaintiffs' allegations are based.

//

//

---

[6]Indeed, in the primary district court case on which defendants have replied for this proposition, an allegation equivalent to that made herein was held sufficient under Dura. See In re Omnivision Technologies, Inc., 2005 WL 1867717, * 5 (N.D. Cal. 2005) (holding allegation that plaintiffs "purchased [defendant's] securities at artificially inflated prices and suffered damages when revelation of the true facts caused a decline in the value of their investments" sufficient to plead causation).

[7]In granting leave to amend, however, the Court is not granting plaintiffs leave to add additional defendants or to increase the Class Period. Any such amendment must be made pursuant to Rule 15(a).

**CONCLUSION**

For the reasons discussed above, defendants' motion to dismiss the SCAC is hereby GRANTED, and the SCAC is hereby DISMISSED with leave to amend. Any Third Consolidated Amended Complaint shall be filed no later than July 21, 2006.

**IT IS SO ORDERED.**

Dated: June 21, 2006

MAXINE M. CHESNEY
United States District Judge